IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY and AMERISURE INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:06cv1047-MHT (WO) |
| PARAGON CONSTRUCTION & DEVELOPMENT, INC., MARTINIQUE CONDOMINIUM ASSOCIATION, SOUTHERN FLOOR SYSTEMS, and MARTINIQUE DEVELOPERS, LLC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

Relying on the Declaratory Judgment Act of 1984, 28 U.S.C. § 2201(a), plaintiffs Amerisure Mutual Insurance Company and Amerisure Insurance Company request that this court declare that two insurance policies do not require them to defend a state lawsuit filed against defendant Paragon Construction & Development, Inc. and others.  The Amerisure companies have invoked this court's diversity-of-citizenship  jurisdiction.    28  U.S.C.  §  1332.

Currently pending before the court are a motion to dismiss and an alternative motion to stay filed by Paragon.  For the reasons that follow, the motion to dismiss will be denied, and the motion to stay will be granted.

## I.

FIRST STATE LAWSUIT:  In March 2004, a condominium association sued Paragon and others in state court, alleging the faulty construction of a beach condominium.[1] Paragon notified the Amerisure companies of the suit, requesting coverage, and the companies entered a defense on behalf of Paragon under a reservation of rights. Accordingly, over the next two years, the insurance companies defended the state-court lawsuit, and, on November 8, 2006, their efforts resulted in the scheduling of a mediation.

_____

    1.  Martinique Condo. Ass'n, Inc. v. Martinique Developers, LLC, et al v. Paragon Constr. & Dev., Inc., CV-2004-331 (Cir. Ct. of Baldwin County, Ala. filed Mar. 12, 2004).

FEDERAL LAWSUIT:  On November 6, 2006, the Amerisure companies informed Paragon that coverage would no longer be provided, and, indeed, they did not provide Paragon with representation for the planned November 8 mediation. Soon thereafter, on November 9, Paragon's counsel sent a letter to Amerisure Insurance, complaining that the company was engaging in bad faith; Paragon demanded that the company respond by November 15.  On November 21, the Amerisure companies filed this federal lawsuit under the Declaratory Judgment Act, requesting that this court find that the insurance policies at issue do not require them to defend Paragon in the first state lawsuit.

SECOND STATE LAWSUIT:  On December 14, 2006, Paragon filed its own lawsuit in state court against the Amerisure companies and others.[2]  In this second state suit, Paragan claims that the Amerisure companies unlawfully failed to cover and defend it; Paragon asserts

---

2.   Paragon Constr. and Dev., Inc. and John Ives v. Amerisure Mutual Ins. Co., Amerisure Ins. Co., David J. Durden and Turner Ins. & Bonding Co., CV-06-3127 (Cir. Ct. of Baldwin County, Ala. filed Dec. 14, 2006).

claims of bad faith, breach of contract, fraud, negligence, wantonness, and self-dealing.

## II.

Over a decade ago, in <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995), the Supreme Court addressed circumstances that highly resemble those before this court. Underwriters sought, in a federal action, a declaration of nonliability on an insurance policy, and, shortly thereafter, the insured filed a state lawsuit raising the same coverage issues. The federal court stayed the action, citing the existence of the pending state lawsuit.

In upholding the decision of the district court, the Supreme Court emphasized in <u>Wilton</u> that, even if a district court has jurisdiction of a lawsuit under the Declaratory Judgment Act, it is "under no compulsion to exercise that jurisdiction." <u>Id</u>. at 282 (quoting <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491,

494 (1942)).   The Court reaffirmed its previously expressed admonition against "[g]ratuitous interference" into a matter when state law claims can be satisfactorily adjudicated in state court.  Brillhart, 316 U.S. at 495. Put another way, it is generally "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Id.

In applying Wilton, the Eleventh Circuit Court of Appeals has instructed that, when a parallel state action is pending, federalism, comity, and efficiency should guide federal courts in determining whether to exercise their discretion to hear a declaratory-judgment action. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005).  To aid district courts in determining whether to exercise jurisdiction, Ameritas enumerated a non-exhaustive list of "guideposts," id. at 1331, to be considered: (1) the state's interest in

determining the matter; (2) whether the federal action would resolve the controversy; (3) whether the federal action would clarify the parties' legal relations; (4) whether the federal action is a form of "procedural fencing" being utilized "to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable," id.; (5) whether a judgment in the federal action would heighten tension between federal and state courts or otherwise encroach on state proceedings; (6) whether a superior alternative remedy exists; (7) whether underlying facts are important to informed resolution of the matter; (8) whether the state court is better situated to evaluate those facts; and (9) the nexus (if any) between the underlying issues and state law and policy, and whether federal common or statutory law requires resolution of the declaratory action.   Id. (adopting factors announced in Scottsdale Ins. Co. v. Roumph, 211 F.3d 964 (6th Cir. 2000), and

Centennial Life Ins. Co. v. Poston, 88 F.3d 255 (4th Cir.

1996)).

Applying the first factor, this court concludes that

Alabama has a strong "interest in having the issues

raised in the federal declaratory action decided in the

state courts." Ameritas, 411 F.3d at 1331.  The original

state lawsuit was filed by two Alabama corporations in an

Alabama state court against an Alabama construction

company on a matter of Alabama law.  Further, in this

federal suit, the Amerisure companies are requesting that

this court interpret insurance policies issued in Alabama

to an Alabama business, an endeavor that primarily

implicates questions of Alabama law.  It is evident that

the State of Alabama has a significant interest in these

coverage issues.  See Lexington Ins. Co. v. Rolison, 434

F. Supp.2d 1228, 1239 (S.D. Ala. 2006) (Steele, J.)

(dismissing a federal action because Alabama had a

substantial interest in a question of state law

concerning whether an insurance contract issued to an

Alabama business would cover a particular state-court
judgment).

In examining the second and third factors, the court
concludes that, while issuing a judgment in this federal
action would lend clarity to the parties' legal
relationship, such a ruling would not necessarily settle
the controversy.   Ameritas, 411 F.3d at 1331.   The
Amerisure companies' declaratory-judgment action captures
only one of the larger array of issues pending in state
court.   For example, if this court were to rule that the
Amerisure companies are obligated to cover Paragon, that
would not settle the question whether the companies acted
in bad faith, as alleged in the parallel, second state
suit, see, e.g., State Farm Fire & Cas. Co. v. Slade, 747
So.2d 293, 318 (Ala. 1999) (explaining that a claim of
bad faith not only requires a contractual breach, but
also requires a showing that the insurance company failed
to properly investigate the claim); nor would this ruling
answer whether the companies negligently hired or

retained employees, as is also alleged in the second state suit.  Likewise, a ruling from this court would ostensibly do nothing to answer whether another named defendant in the parallel state suit, Turner Insurance and Bonding Company, is liable for unlawfully refusing to provide coverage to Paragon.  Turner Insurance is not a party in this federal action.  On balance, then, the second and third <u>Ameritas</u> factors counsel against immediately ruling on the merits of this federal declaratory-judgment action.

The fourth consideration outlined in <u>Ameritas</u> is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'--that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable."  411 F.3d at 1331.  As leading commentators have observed, "The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal

9

declaratory action merely to anticipate a defense that otherwise would be presented in a state action." 10B Charles Wright, et al., Federal Practice and Procedure § 2751 (3d ed. 1998).

A fair review of the facts here indicate that both parties have engaged in "procedural fencing."  In filing this suit, the Amerisure companies are effectively seeking a federal hearing in a case that, because there is not complete diversity in the parallel state suit, is not otherwise removable.[3]  On the other hand, Paragon filed its state action only after the Amerisure companies filed this federal action.  Accordingly, since the insurance companies and Paragon have both engaged in procedural posturing in an effort to have these issues decided in their preferred forum, the fourth Ameritas factor weighs neither in favor of nor against exercising federal jurisdiction at this time.

_____

3.   The pleadings in the parallel state suit indicate that one of the defendants in that suit, Turner Insurance, is an Alabama corporation, as is Paragon.

10

Examining the fifth factor, this court finds that "the use of a declaratory action [could] increase the friction between...federal and state courts." Ameritas, 411 F.3d at 1331.  If this court were to proceed to litigate the issues before it, a federal court and a state court would be simultaneously wrestling with overlapping, though not identical, questions of state law.  If one court rules upon the merits before the other, it could render the efforts of the second court futile.  "Exercise of federal jurisdiction in such a situation risks unnecessary commitment of scarce judicial resources, multiplicative expenditures of legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." United States Fidelity & Guar. Co. v. Algernon-Blair, Inc., 705 F. Supp. 1507, 1514 (M.D. Ala. 1988) (Thompson, J.). Prudence advises against inviting these results.

11

The sixth factor is whether "there is an alternative remedy that is better or more effective" than a federal ruling in this declaratory-judgment action.  <u>Ameritas</u>, 411 F.3d at 1331.[4]  As previously noted, an ultimate ruling in favor of the Amerisure companies in this declaratory-judgment action would fail to resolve many of the issues pending in the state court: whether the insurance companies acted in bad faith; whether they engaged in unlawful self-dealing; whether they negligently retained and hired employees; and whether Turner Insurance and Bonding Company is also liable for failing to provide coverage to Paragon.  It is the wiser course to have these issues determined together, rather than allowing piecemeal, fractured litigation to emerge between the federal and state courts.  <u>Angora Enters.,</u>

---

4.   While Fed.R.Civ.P. 57 expressly states that the existence of "another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate," a court "may properly refuse declaratory relief if the alternative remedy is better or more effective." 10B Charles Wright, et al., <u>Federal Practice and Procedure</u>  § 2751 (3d ed. 1998).

Inc. v. Condo. Ass'n of Lakeside Village, 796 F.2d 384.

389 (11th Cir. 1986) (highlighting the importance of

"avoiding piecemeal litigation" in federal and state

courts).

The seventh and eighth Ameritas factors urge district

courts to consider "whether the underlying factual issues

are important to an informed resolution of the case" and,

if so, "whether the state trial court is in a better

position to evaluate those factual issues than is the

federal court." 411 F.3d at 1331.  In this case, the

Amerisure companies represent in their complaint that

they denied coverage in part because Paragon seeks

indemnification for damages that manifested themselves

prior to the period contemplated in the insurance

policies.  Thus, resolving factually when this damage

became apparent could be central to this court's

resolution of this coverage issue.  It cannot be

conclusively said that a state court is in a better

position to assess that factual question than a federal

court.   However, this court does conclude that it is
better for one court to make this factual determination,
rather than for two courts to duplicate each other's
efforts.

Under the ninth Ameritas factor, district courts
should finally consider "whether there is a close nexus
between the underlying factual and legal issues and state
law and/or public policy, or whether federal common or
statutory law dictates a resolution of the declaratory
judgment action."   Id.   This factor weighs in favor of
resolution in the second state lawsuit.   The issues in
all three lawsuits (the original state lawsuit, this
federal lawsuit, and the second state lawsuit) are all
based on questions of state, rather than federal, law.
See Sherwin-Williams Co. v. Holmes County, 343 F.3d 383,
390-91 (5th Cir. 2003) (finding that "if the federal
declaratory judgment action raises only issues of state
law and a state case involving the same state law issues
is pending, generally the state court should decide the

14

case and the federal court should exercise its discretion to dismiss the federal suit"); cf. Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1325 (11th Cir. 2005) (affirming a district court's denial of a motion to dismiss or stay when a state case raising the same issues of state law was pending, but calling the denial "close the extreme limits of" its discretion and adding that "if we were reviewing this matter *de novo*, we probably would have decided it differently.")

Collectively, the nine Ameritas factors counsel against this court's resolution of this declaratory-judgment action at this time.


## III.

The question remains whether to dismiss or stay the proceeding in this federal lawsuit.  In Wilton, the Supreme Court stated that district courts "have substantial latitude in deciding whether to stay or to

dismiss a declaratory suit in light of pending state proceedings."   515 U.S. at 286.   Yet, the Court also cautioned that "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at 288 n.2.

A stay will be issued in this case.   The Amerisure companies have informed the court that a motion to dismiss is pending in the parallel state-court action. In that motion, the insurance companies argue that, under Alabama law, the claims alleged in the parallel, second state suit are required to be pleaded as counterclaims in the federal declaratory-judgment action, rather than as independent causes of action in state court. See, e.g., Ex parte Canal Ins. Co., 534 So.2d 582 (Ala. 1998) (directing a trial court to dismiss or stay a state case when a federal declaratory judgment issue was also pending, noting that the state law claims were best

16

treated as counterclaims in the federal action); <u>Calhoun</u>

<u>v. Pennsylvania National Mutual Casualty Ins. Co.</u>, 676

So.2d 332, 333 (Ala. Civ. App. 1996) ("coverage related

to claims by an insured against a carrier are compulsory

counterclaims to a declaratory judgment action based on

an insurance company").  Because of the possibility that

the state court may elect to grant the companies' motion

to dismiss the state action, this court will stay, rather

than dismiss, this federal lawsuit.

An appropriate order will be entered.

DONE, this the 28th day of September, 2007.


            /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE